1  MICHAEL BARNES (State Bar No. 121314)
   SONIA MARTIN (State Bar No. 191148)
2  MEGAN DUNHAM (State Bar No. 245991)
   SONNENSCHEIN NATH & ROSENTHAL LLP
3  2121 N. California Blvd., Suite 800
   Walnut Creek, California 94596
4  Telephone:  (925) 949-2600
   Facsimile:  (925) 949-2610
5  Email:      mbarnes@sonnenschein.com
               smartin@sonnenschein.com
6              mdunham@sonnenschein.com

7  Attorneys for Plaintiff
   ALLSTATE INSURANCE COMPANY
8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13 ALLSTATE INSURANCE COMPANY, an    Case No. C08 03487 HRL
   Illinois Corporation,
14                                   COMPLAINT FOR DECLARATORY
            Plaintiff,               RELIEF AND REIMBURSEMENT
15
        vs.
16
   MARILYN MADDEN,
17
            Defendant.
18

19

20

21      Plaintiff Allstate Insurance Company (hereinafter "Allstate") alleges as follows:

22                        **JURISDICTION AND VENUE**

23      1.   Allstate brings this declaratory judgment action under 28 U.S.C. section 2201 and

24 Federal Rule of Civil Procedure 57. This Court has diversity jurisdiction over this matter under 28

25 U.S.C. section 1332, as is more specifically alleged below, in which the amount in controversy,

26 exclusive of interest and costs, exceeds $75,000. Because the claims at issue arose in the County

27 of Santa Cruz, California, venue is proper in this Court pursuant to 28 U.S.C. section 1391.

28

CASE NO.                        -1-                 COMPLAINT FOR DECLARATORY
                                                    RELIEF AND REIMBURSEMENT

## INTRADISTRICT ASSIGNMENT

2. The events at issue in this case arose in the County of Santa Cruz. Accordingly, the action should be assigned to the San Jose Division as set forth in Civil L.R. 3-2(e).

## PARTIES

3. Plaintiff Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois. At all times relevant to this action, plaintiff has been a resident and citizen of the State of Illinois.

4. Defendant Marilyn Madden is, and at all relevant times was, a resident of the Northern District of California and a citizen of the State of California.

## THE POLICY

5. On January 31, 2007, Allstate insured Ms. Madden as the named insured under Deluxe Homeowners Policy number 0 67 083575 (the "Policy"). The Policy insured the property at 906 Windsor Street in Santa Cruz, California, and provided structural coverage with a stated limit of $225,238 and personal property coverage of $168,928. The pertinent terms of the Policy are set forth infra at paragraphs 17 through 20.

## THE UNDERLYING CLAIMS

6. On January 31, 2007, Ms. Madden filed a claim with Allstate, which was assigned claim number 0100738772 (the "First Claim"). In her First Claim, Ms. Madden sought coverage for property damage resulting from a fire at her home located at 906 Windsor Street in Santa Cruz.

7. In response to Ms. Madden's First Claim, Allstate agreed to pay for physical damage to her home's structure and personal property caused by the fire, subject to the terms and conditions set forth in the Policy.

8. Following the fire, Ms. Madden hired Steamatic Total Cleaning and Restoration to remove smoke damage from her home. Ms. Madden subsequently informed Allstate that Steamatic contaminated her home with chemicals during the cleaning process and that the alleged chemicals were adversely affecting her health and preventing her from returning to her home.

9. Allstate thereafter paid for another restoration company to clean Ms. Madden's home. An industrial hygienist of Ms. Madden's choosing subsequently determined Ms. Madden's home

1  was habitable.

2  10. Allstate paid a full year of additional living expenses on Ms. Madden's First Claim,

3  the maximum amount allowable under the policy.

4  11. Ms. Madden, however, has told Allstate that her home is still uninhabitable and

5  alleges she will become homeless if Allstate refuses to continue paying additional living expenses

6  beyond twelve months.

7  12. Ms. Madden also has informed Allstate that she believes it is required to pay to

8  further clean and repair the alleged contamination by Steamatic.

9  13. On [redacted], Ms. Madden tendered a second claim to Allstate, which was assigned

10  claim number 0107106924 (the "Second Claim"), seeking coverage for the alleged damage caused

11  by Steamatic.

12  14. Allstate has paid and continues to pay Ms. Madden's additional living expenses under

13  the Second Claim, subject to a reservation of rights to dispute whether it owes such amounts and

14  to seek reimbursement of them from Ms. Madden.

## FIRST CLAIM FOR RELIEF:

## DECLARATORY RELIEF

17  15. Allstate hereby realleges and incorporates by this reference the allegations set forth in

18  Paragraphs 1 through 14 above as though fully set forth herein.

19  16. The relevant insuring clause of the Policy's dwelling coverage provides as follows:

20  *Losses We Cover Under Coverage A:*

21  **We** will cover sudden and accidental direct physical loss to
property described in **Coverage A- Dwelling Protection and
22  Coverage B- Other Structures Protection**, except as limited or
excluded in this policy.

24  17. The relevant insuring clause of the Policy's personal property coverage provides in

25  pertinent part as follows:

26  *Losses We Cover Under Coverage C:*

27  **We** will cover sudden and accidental direct physical loss to the
property described in **Coverage C—Personal Property
28  Protection**, except as limited or excluded in this policy, caused by:

1. Fire or Lightning.

2. Windstorm or Hail ... .

3. Explosion.

4. Riot or Civil Commotion, including pillage and looting during, and at the site of, the riot or civil commotion.

5. Aircraft, including self-propelled missiles and spacecraft.

6. Vehicles.

7. Smoke ...

8. Vandalism and Malicious Mischief ...

9. Falling objects ...

10. Weight of ice, snow or sleet which causes damage to personal property in a building structure, but only if the building structure is damaged due to the weight of ice, snow or sleet.

11. Increase or decrease of artificially generated electrical current to electrical appliances, fixtures and wiring.

12. Bulging, burning, cracking or rupture of a steam or hot water heating system, an air conditioning system, an automatic fire protection system or an appliance for heating water.

13. Water or steam that escapes from a plumbing, heating or air conditioning system, an automatic fire protection system, or from a household appliance due to accidental discharge or overflow.

    **We** do not cover loss to the system or appliance from which the water or steam escapes, or loss from water which backs up through sewers or drains or overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.

14. Freezing of a plumbing, heating or air conditioning system or a household appliance ... .

15. Theft, or attempted theft, including disappearance of property from a known place when it is likely that a theft has occurred. Any theft must be promptly reported to the

police ....

16. Breakage of glass, meaning damage to covered personal property caused by breakage of glass constituting a part of any building structure on the residence premises. This does not include damage to the glass.

18. The Policy contains the following provision under the heading *"Additional Protection"* in relevant part:

> 1. **Additional Living Expense**
>
>    a. We will pay the reasonable increase in living expenses necessary to maintain **your** normal standard of living when a direct physical loss **we** cover makes **your residence premises** uninhabitable.
>
>    Payment for covered additional living expenses will be limited to the least of the following:
>
>    1. the time period required to repair or replace the property **we** cover, using due diligence and dispatch; or
>    2. if **you** permanently relocate, the shortest time for **your** household to settle elsewhere;
>    3. 12 months.

19. The Policy also contains the following exclusion under the heading *"Losses We Do Not Cover Under Coverage A"*:

> **We** do not cover loss to the property described in Coverage A - Dwelling Protection or Coverage B - Other Structures Protection consisting of or caused by:
>
> \* \* \*
>
> 14. Vapors, fumes, acids, toxic chemicals, toxic gases, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.
>
> \* \* \*
>
> 22. Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
>
>     a) planning, zoning, development, surveying, siting;
>     b) design, specifications, workmanship, repair,

      construction, renovation, remodeling, grading, compaction;

  c)  materials used in repair, construction, renovation or remodeling; or

  d)  maintenance;

of property whether on or off the residence premises by any person or organization.

20. The Policy also contains the following exclusion under the heading "**Losses We Do Not Cover Under Coverage C**":

> We do not cover loss to the property described in **Coverage C-- Personal Property Protection** caused by or consisting of:
>
> 11.  Vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.
>
> 14.  Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
>  a)  planning, zoning, development, surveying, siting;
>  b)  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>  c)  materials used in repair, construction, renovation or remodeling; or
>  d)  maintenance of property whether on or off the **residence premises** by any person or organization.

21. As a result of the policy language set forth above, Allstate contends that Ms. Madden's Second Claim is not covered under the Policy because: (1) Ms. Madden's home and personal property have been adequately remediated and repaired as part of the First Claim; (2) Steamatic did not damage Ms. Madden's home or personal property; (3) the alleged damage caused by Steamatic to Ms. Madden's home and personal property did not result from a "sudden and accidental direct physical loss"; (4) the alleged personal property damage did not result from an enumerated specified peril covered under the Policy; (5) the alleged damage is excluded under the Policy, and/or (6) the claim is not covered for other contractual or legal reasons.

22. Even if this Court determines Ms. Madden's Second Claim is covered by the Policy, Allstate contends it has paid sufficient Policy benefits to repair and/or replace Ms. Madden's

1  damaged property and that it owes no further benefits under its Policy.

2  23. By reason of the foregoing, there now exists an actual, justiciable controversy between the parties hereto within the meaning of 28 U.S.C. section 2201, in that Allstate contends Ms. Madden's Second Claim is not covered by its Policy, whereas Allstate is informed and believes that Ms. Madden contends that it is. In the alternative, Allstate contends that even if Ms. Madden's Second Claim is covered by the Policy, Allstate has paid an amount sufficient to restore her property to its pre-loss condition, whereas Allstate is informed and believes Ms. Madden contends it has not. This Court is vested with the power to declare and adjudicate the respective rights, duties and obligations of the parties hereto with respect to the issues raised by this Claim For Declaratory Relief.

## SECOND CAUSE OF ACTION
## REIMBURSEMENT OF ADDITIONAL LIVING EXPENSES

24. Allstate hereby realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 23 above as though fully set forth herein.

25. Because Allstate has and had no duty under its Policy to pay Ms. Madden's additional living expenses in connection with the Second Claim, Allstate is entitled to reimbursement of such amounts paid under the Second Claim.

26. In the alternative, to the extent the Court determines Allstate has a duty to pay Ms. Madden's additional living expenses in connection with the Second Claim, Allstate is entitled to reimbursement of all such amounts incurred beyond the date by which Ms. Madden could have restored her home to its pre-loss condition, using due diligence and dispatch.

WHEREFORE, Allstate prays as follows:

1. For a judgment declaring that defendant's Second Claim is not covered under the Policy or that no monies are due thereon;

2. For a judgment declaring Allstate is entitled to reimbursement from defendant of all additional living expenses paid on her behalf in connection with the Second Claim;

3. In the alternative, for a declaration of the parties' respective rights, duties and obligations under the Policy with respect to the Second Claim;

4. For its costs incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: July 18, 2008

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: *[signature]*
Sonia Martin

Attorney for Plaintiff
ALLSTATE INSURANCE COMPANY

27301286

**JS 44** (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Allstate Insurance Company

**DEFENDANTS**
Marilyn Madden

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Santa Cruz
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sonnenschein Nath & Rosenthal,
2121 N. California Blvd., Suite 800
Walnut Creek, CA 94596;
(925) 949-2600

Attorneys (If Known)

**C08 03487 HRL**

ADR
E-FILING

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS - PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- [ ] 362 Personal Injury — Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R.& Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA(1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

BY FAX

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1441(a)
Brief description of cause:
The parties are citizens and residents of different states and the amount in controversy exceeds $75,000.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ >$75,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE: July 18, 2008

SIGNATURE OF ATTORNEY OF RECORD
Sonia Martin (SBN 191148)

American LegalNet, Inc.
www.FormsWorkflow.com

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

   Original Proceedings. (1) Cases which originate in the United States district courts.

   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

   Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

   Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
   Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

   Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com